# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN D.A. RANSOM, | 1:10-cv-00465-OWW-DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| STATE OF CALIFORNIA, | [Doc. 1] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The instant petition for writ of habeas corpus was filed on February 24, 2010, in the United States District Court for the Eastern District of California, Sacramento Division. The petition was transferred to this Court on March 15, 2010. (Court Doc. 6.) Petitioner challenges his 1998 conviction for lewd and lascivious

On September 17, 1998, Petitioner was convicted in the Superior Court of California, County of Kern, of committing a lewd and lascivious act on a child under the age of 14. It was also found true that Petitioner had suffered a prior conviction for lewd and lascivious conduct within the meaning of Penal Code section 667.61(a) and (d); section 667(a)(1); section 667(b) through (I); and section 1170.12(a) through (d).

Petitioner appealed the conviction and judgment. On February 6, 2001, the California Court of Appeal, Fifth Appellate District, affirmed the judgment. The California Supreme Court

denied review on May 16, 2001. Thus, Petitioner's conviction became final on August 14, 2001.

Petitioner filed a prior federal petition for writ of habeas corpus challenging the same conviction as the instant petition on January 26, 2004, in case number 1:04-cv-0573-OWW YNP (HC). The prior petition was dismissed with prejudice as untimely on August 30, 2004, and the Ninth Circuit Court of Appeals denied the request for a Certificate of Appealability on February 28, 2005. For the reasons discussed below, the instant petition for writ of habeas corpus must be dismissed.

## DISCUSSION

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v. United States,

96 F.3d 990, 991 (7th Cir. 1996).

A second or successive petition for habeas corpus is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason versus on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-87 (2000) (holding that a second habeas petition is not successive if the initial habeas petition was dismissed for failure to exhaust); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-45 (1998) (a second habeas petition is not successive if the claim raised in the first petition was dismissed by the district court as premature.)

The prior petition in 1:04-cv-05173-OWW-YNP (HC) was dismissed with prejudice as time-barred by the statute of limitations. Although a dismissal based on the statute of limitations does not include an examination of the merits of the petition, it nonetheless operates and is equivalent to a final judgment on the merits. See e.g. Ellingson v. Burlington Northern Inc., 653 F.2d 1327, 1330 n.3 (9th Cir. 1981) ("[a] judgment based on the statute of limitations is 'on the merits', citing Mathis v. Laird, 457 F.2d 926, 927 5th Cir. 1972), cert. denied, 409 U.S. 871 (1972)); In re Marino, 181 F.3d 1142, 1144 (9th Cir. 1999) (explaining that "for res judicata purposes a dismissal on statute of limitations grounds can be treated as a dismissal on the merits.") A dismissal based on untimeliness under the statute of limitations bars further review of the action. Therefore, because the prior petition was adjudicated "on the merits", the instant petition is a "second or successive petition" under § 2244(b). Petitioner contends that the new petition raises an additional claim not presented in the prior petition and was discovered through further research subsequent to the dismissal of the prior petition. More specifically, Petitioner's claim is based on the Supreme Court's decisions in Blakely v. Washington, 543 U.S. 296 (2004) and In re Booker, 543 U.S. 220 (2005); however, these cases are not retroactive to Petitioner's conviction.[1] Sanchez-Cervantes, 282 F.3d 664, 666-667 (9th Cir. 2002); Schardt v. Payne, 414 F.3d 1025 (9th Cir. 2005); United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005).

---

[1] In fact, Petitioner's claim based on Blakely is belied by the attachments to his petition. The California Superior Court, County of Kern, found that because Petitioner's "conviction was found true by a jury, his allegations of improper sentencing under *Blakely v. Washington* (2004) 542 U.S. 296, is inapplicable." (Petition, at p. 255 of CMECF.)

3

1 In addition, Petitioner makes no showing that he has obtained prior leave from the Ninth
2 Circuit to file his successive petition attacking the conviction.  That being so, this Court has no
3 jurisdiction to consider Petitioner's renewed application for relief from that conviction under §
4 2254 and must dismiss the petition.  See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991.  If
5 Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for
6 leave to do so with the Ninth Circuit Court of Appeals.  See 28 U.S.C. § 2244 (b)(3).

RECOMMENDATION

8     Accordingly, IT IS HEREBY RECOMMENDED that:
9     1.    The instant petition for writ of habeas corpus be DISMISSED without prejudice;
10            and
11     2.    The Clerk of Court be directed to terminate this action.
12     These Findings and Recommendations are submitted to the assigned United States District
13 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the
14 Local Rules of Practice for the United States District Court, Eastern District of California.  Within
15 thirty (30) days after being served with a copy, any party may file written objections with the court
16 and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate
17 Judge's Findings and Recommendations."  Replies to the objections shall be served and filed
18 within fourteen days after service of the objections.  The Court will then review the Magistrate
19 Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file
20 objections within the specified time may waive the right to appeal the District Court's order.
21 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23     IT IS SO ORDERED.
24     Dated:   April 9, 2010              /s/ Dennis L. Beck
                                      UNITED STATES MAGISTRATE JUDGE